IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDACHE L. STEPTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | 1:11-cv-02049-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>(Doc. 7.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

    Jordache L. Stepter ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 30, 2011, at the United States District Court for the Northern District of California.  (Doc. 1.)  On December 12, 2011, the case was transferred to the Eastern District of California.  (Doc. 4.)  On January 13, 2012, Plaintiff filed an application to proceed in forma pauperis.  (Doc. 7.)

    28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

1

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2] <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges in the Complaint that defendants have violated his Eighth and Fourteenth Amendment rights by keeping him imprisoned longer than his early possible release date.[3] Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action. Therefore, Plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is denied;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   February 4, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 1:07-cv-01528-OWW-GSA-PC (ED Cal.) <u>Stepter v. Childs, et al.</u> (dismissed on 06/13/2008 for failure to state a claim); 1:07-cv-01365-AWI-GSA-PC (ED Cal.) <u>Stepter v. Childs, et al.</u> (dismissed on 03/12/2009 for failure to state a claim); and 2:11-cv-08802-UA-MLG (CD Cal.) <u>Stepter v. Parks</u> (dismissed on 11/02/2011 as frivolous, malicious, and for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. <u>Id.</u>